### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK BRYAN OWEN,<br><br>                Plaintiff,<br><br>vs.<br><br>CITY OF TULSA, et al.,<br><br>                Defendant. | Case No. 08-CV-153-GKF-FHM |

### OPINION AND ORDER

Defendant City of Tulsa's Motion to Bifurcate Discovery and Trial [Dkt. 19] has been referred to the undersigned United States Magistrate Judge for disposition. The matter has been fully briefed and is ripe for decision. Defendant City of Tulsa's Motion to Bifurcate Discovery and Trial [Dkt. 19] is DENIED.

In this lawsuit Plaintiff alleges constitutional violations under 42 U.S.C. § 1983 by several named Tulsa police officers, the Tulsa County Sheriff's Office and the City of Tulsa. According to the City, Plaintiff has served extensive discovery requests seeking information regarding complaint history, discipline history and training of defendant officers and all Tulsa Police Department officers, incidents of non-party officers, and policies and customs of the City. The City requests an order bifurcating the discovery and trial of the matters concerning the City from the claims against the individual defendants and a stay of discovery related to the "policies and practices of the City, non-party officers, complaint history of defendant officers and all Tulsa police officers in general until after there has been a judicial determination that there was a constitutional violation by the individual [officer] defendants." [Dkt. 19, p. 3-4].

The City argues:

> The interests of justice and judicial economy would be best served by bifurcating discovery and trial in this matter and staying all discovery related to the policies and practices of the City, non-party officers, complaint history of defendant officers and all Tulsa police officers in general until after there has been a judicial determination that there was a constitutional violation by the individual defendants.

[Dkt. 19, p.3-4].

Plaintiff objects, arguing bifurcation of discovery would unfairly deny him access to relevant and discoverable evidence. He also argues that the question of bifurcating the trial is premature. The Court agrees that the City's request to bifurcate the trial is premature.

A municipality may not be held liable under 42 U.S.C. § 1983 under a theory of respondiat superior. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To establish municipal liability, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood,* 81 F.3d 988, 993-94 (10th Cir.1996) (citing *City of Canton v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). Therefore, as a predicate to municipal liability a plaintiff must first establish that he has suffered the violation of federally protected rights. If there is no violation of federally protected rights it will not be necessary to reach the issue of municipal liability. *See Wilson v. Meeks*, 98 F.3d 1247, 1255 (10th Cir. 1996)(a municipality may not be liable under § 1983 where there is no underlying constitutional violation by any of its officers).

Since the City cannot be liable absent the establishment of a violation of federally protected rights, City argues that it should be relieved of its obligation to respond to Plaintiff's discovery requests until a violation is established. However, since the City has

not provided the Court with copies of Plaintiff's discovery requests, the Court has no way of assessing the breadth and scope of the requested document production. Aside from the bald assertion that it is so, the City has not demonstrated that responding to Plaintiff's discovery requests would impose an unreasonable burden. Further, information concerning the complaint history, discipline history and training of the defendant officers appears to be discovery which is arguably relevant to the predicate question of the individual officers' liability.

The Court finds that the City has failed to establish sufficient reason to alter the usual course of litigation by bifurcating discovery.[1]

Defendant City of Tulsa's Motion to Bifurcate Discovery and Trial [Dkt. 19] is DENIED. The stay of The City's obligation to respond to Plaintiff's discovery requests is hereby lifted. The City of Tulsa is required to respond to Plaintiff's discovery requests within 30 days of this Opinion and Order.

SO ORDERED this 25th day of July, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[1] This result does not preclude the City from seeking a protective order.